**UNITED STATES of America,**

v.

**Eugene WILLIAMS a/k/a Bless, Appellant.**

**No. 01–1479.**

United States Court of Appeals, Third Circuit.

Submitted May 2, 2002.

Decided July 12, 2002.

Before ROTH and STAPLETON, Circuit Judges, and POLLAK *, District Judge.

OPINION

ROTH, Circuit Judge.

Eugene Williams challenges the ruling of the District Court denying his motion to dismiss the indictment. Williams alleges that the drug statute, 21 U.S.C. § 841 is unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its requirement that a jury assess those facts which determine the maximum sentence the law allows. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348. Prior to *Apprendi*, certain statutes permitted a judge to determine the maximum sentence by employing facts not submitted to a jury. *See United States v. Gibbs*, 813 F.2d 596 (3rd Cir. 1987); *United States v. Chapple*, 985 F.2d 729 (3d. Cir.1993); *United States v. Lewis*, 113 F.3d 487 (3d Cir.1997)

Williams was indicted on one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base under 21 U.S.C. § 841. Until *Apprendi*, judges were able, under this section, to determine the maximum sentence by employing facts not submitted to the jury. Williams' motion to dismiss the indictment was denied at a pre-trial conference and Williams made a conditional plea

---

* Honorable Louis H. Pollak, District Court Judge for the Eastern District of Pennsylvania, sitting by designation

of guilty, reserving the right to challenge the District Court's ruling. Williams was sentenced to 130 months imprisonment and five years supervised release.

We exercise plenary review over the District Court's ruling concerning the constitutionality of Section 841(b).

On appeal, Williams argues that the District Court was bound by pre-*Apprendi* holdings that drug quantity determinations under Section 841(b) must be submitted to the judge as *sentencing factors*, rather than submitted to the jury as *elements of the crime*. *See Gibbs*, 813 F.3d at 596; *Chapple*, 985 F.2d at 729; *Lewis*, 113 F.3d at 487. Accordingly, the court would be unable to reconcile the sentencing-factor approach with the element-of-the-crime approach now required by *Apprendi*, rendering Section 841(b) unconstitutional. Essentially, Williams argues that the Court is prohibited from overturning the sentencing-factor approach to Section 841(b) to comply with *Apprendi*'s element-of-the-crime approach because the sentencing-factor approach was precedential at one time. Therefore, the District Court would be barred from making adjustments to comply with *Apprendi* because of the past precedent.

Williams argument lacks merit. Fundamentally, Williams is arguing that courts should not be permitted to overturn or modify the law in response to new circumstances, legal trends, or community values. Such an argument is easily dismissed.

Moreover, in *United States v. Kelly*, 272 F.3d 622 (3d Cir.2001), Section 841(b) was held to be constitutional even in light of Apprendi. There is no reason why the *Apprendi* procedural requirements may not be applied to the drug quantity determinations under Section 841(b) as it

stands. This is so even though this Court has previously held that the drug quantity determinations were sentencing factors to be considered by the judge rather than elements of the offense to be considered by the jury.

We will, therefore, affirm the order of the District Court denying the motion to dismiss the indictment as unconstitutional.[1]

---

1. Eugene Williams submitted a motion to dismiss for defect in subject-matter jurisdiction on June 24, 2002. The motion was reviewed and denied.